**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MACHIAS SAVINGS BANK,<br><br>            Plaintiff,<br><br>v.<br><br>RICHARD J. LARKIN and NANCY B. LARKIN,<br><br>            Defendants. | Case No. |

**COMPLAINT FOR FORECLOSURE OF MORTGAGES**
**BY CIVIL ACTION PURSUANT TO 14 M.R.S. §§ 6321,** *et seq.*
<u>(Title to Real Estate is Involved)</u>

**<u>Count I</u>**
<u>Property Addresses</u>:
33 River Road, Lincoln, Maine
29 River Road, Lincoln, Maine
13 River Road, Lincoln, Maine

<u>Mortgage Recorded</u>:
Penobscot County Registry of Deeds, Book 16461, Page 102 as affected by
a Partial Release of Mortgage and Assignment of Rents, Book 17002, Page, 229

**<u>Count II</u>**
<u>Property Address</u>:
317 West Broadway, Lincoln, Maine

<u>Mortgage Recorded</u>:
Penobscot County Registry of Deeds, Book 16755, Page 247

NOW COMES the Plaintiff, Machias Savings Bank, by and through its undersigned counsel, and for its complaint against defendant Richard J. Larkin and Nancy B. Larkin states as follows:

1

## Parties

1. Plaintiff Machias Savings Bank ("Plaintiff") is a bank corporation incorporated in the State of Maine with a place of business at 4 Center St., P.O. Box 318, Machias, ME 04654.

2. Plaintiff is a citizen of the State of Maine because its principal place of business is located in the State of Maine, and it is incorporated in the State of Maine.

3. Defendant Richard J. Larkin ("Richard") is a natural person and a citizen of the State of Florida with an address of 157 NE Sharyon Lane, Jensen Beach, Florida 34957.

4. Defendant Nancy B. Larkin ("Nancy") and collectively with Richard, "Defendants") is a natural person and a citizen of the State of Florida with an address of 157 NE Sharyon Lane, Jensen Beach, Florida 34957.

## Jurisdiction and Venue

5. This is an action to foreclose mortgages by civil action pursuant to 14 M.R.S. §§ 6321-6327.

6. This Court has jurisdiction over the Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

7. The Court has personal jurisdiction over the parties because the parties have sufficient minimum contacts with the State of Maine, and this lawsuit seeks the foreclosure of mortgages against real property located in the State of Maine.

8. Venue is properly laid in the District of Maine because, *inter alia*: (a) this case concerns the foreclosure of a mortgages granted to the Plaintiff by Richard and/or Nancy against real property located in Lincoln, Maine; (b) a substantial part of the events giving rise to the Plaintiff's claims occurred in the State of Maine; (c) Plaintiff is incorporated and does business in the State of Maine.

## Factual Allegations

### River Road Properties

9. Richard is the owner of real property located at 33 River Road, 29 River Road, and 13 River Road, in the Town of Lincoln, Penobscot County, Maine ("River Road Properties") pursuant to a Warranty Deed from Stanley Brothers LLC to Richard Larkin dated March 17, 2022, recorded in the Penobscot County Registry of Deeds in Book 16415, Page 265, a Quitclaim Deed from Thomas N. Tash, Sr. and Linda M. Tash to Richard Larkin dated April 28, 2022 and recorded in said registry in Book 16461, Page 96, and a Quitclaim Deed from WB Properties, LLC to Richard Larkin dated April 27, 2022 and recorded in said registry in Book 16461, Page 100.

10. The River Road Properties are not owner-occupied, and no structure has been constructed thereon.

11. The River Road Properties are more particularly described on **Exhibit A** annexed hereto.

12. On or about April 28, 2022, Richard borrowed the sum of Four Hundred Twenty Thousand and 00/100 Dollars ($420,000.00) from the Plaintiff, and to evidence said loan, executed and delivered a Commercial Promissory Note payable to

3

the order of the Plaintiff ("2022 Mortgage Note") and a Business Loan Agreement ("2022 Loan Agreement") to further evidence and govern his loan obligations to the Plaintiff.

13. A true and correct copy of the 2022 Mortgage Note is annexed hereto as **Exhibit 1** and is incorporated herein by reference.

14. A true and correct copy of the 2022 Loan Agreement is annexed hereto as **Exhibit 2** and is incorporated herein by reference.

15. To secure his obligations to the Plaintiff under the 2022 Mortgage Note, Richard executed and delivered a first priority Commercial Real Estate Mortgage against the River Road Properties to the Plaintiff dated April 28, 2022, which is recorded in the Penobscot County Registry of Deeds in Book 16461, Page 102 ("2022 Mortgage").

16. A true and correct copy of the 2022 Mortgage is annexed hereto as **Exhibit 3** and is incorporated herein by reference.

17. On or about October 4, 2023, Plaintiff executed a Partial Release of Mortgage and Assignment of Rents ("Partial Release") whereby Plaintiff released the 2022 Mortgage solely as to a .06-acre portion of the River Road Properties that Richard conveyed to an abutter by under a Quitclaim Deed dated October 4, 2023 that was recorded in said registry of deeds in Book 16964, Page 134. The Partial Release was recorded in said registry of deeds in Book 17002, Page 229.

18. Richard is in default under the 2022 Mortgage Note because he failed to make installment payments of principal and interest to the Plaintiff when due.

19. On or about June 17, 2025, the Plaintiff provided a notice of default and demand for payment to Richard under the 2022 Mortgage Note because Richard had failed to pay installment payments in the sum of $5,881.99 within the time required by the 2022 Mortgage Note ("RR Notice of Default").

20. A true and correct copy of the RR Notice of Default is annexed hereto as **Exhibit 4** and is incorporated herein by reference.

21. Richard failed to cure his default within the time allowed by the RR Notice of Default.

22. On or about July 9, 2025, the Plaintiff provided notice to Richard that it had elected to accelerate the 2022 Mortgage Note ("RR Notice of Acceleration.")

23. A true and correct copy of the RR Notice of Acceleration is annexed hereto as **Exhibit 5** and is incorporated herein by reference.

24. Although the Plaintiff provided the RR Notice of Default and the RR Notice of Acceleration, such notices are not conditions precedent to the Plaintiff's acceleration of the 2022 Mortgage Note and the exercise of the remedies available to it under the loan documents previously annexed to the Complaint as Exhibits 1-3 ("2022 Loan Documents").

25. Richard's failure to make payments when due under the 2022 Mortgage Note when due is a breach of the condition of the 2022 Mortgage, which entitles the Plaintiff to foreclose the 2022 Mortgage by civil action under Maine law.

26. As of September 5, 2025, the following amounts were due pursuant to the 2022 Mortgage Note and secured by the lien of the 2022 Mortgage without setoff or deduction, and with all just credit having been given:

|  |  |
|---|---|
| Principal: | $381,820.48 |
| Interest: | $10,755.67 |
| Late Charges: | $1,110.84 |
| Prepayment Penalty: | $7,636.40 |
| **Total:** | **$401,323.39** |

27. Per diem interest of $94.925 continues to accrue pursuant to the 2022 Mortgage Note each day after September 5, 2025, at the default rate of 8.950% per annum on a 360/365-day accrual. When adjusted to a 365/365-day accrual, the interest rate for the purposes of pre and post-judgment interest is 9.074% per annum.

28. The Plaintiff certifies that it is the owner and holder of the 2022 Mortgage Note and the 2022 Mortgage and that it is the original and only owner of the Mortgage, and that it has never assigned the 2022 Mortgage to a third party.

### 317 West Broadway, Lincoln, Maine

29. Defendants are the owners of real property located at 317 West Broadway, Lincoln, Maine pursuant as described in a Corrective Warranty Deed from Philip Andrews to Nancy B. Larkin and Richard J. Larkin dated May 8, 2008, recorded in the Penobscot County Registry of Deeds in Book 11385, Page 196 ("WB Property").

30. The WB Property is more particularly described on **Exhibit B** annexed hereto.

31. The WB Property formerly served as the offices of Larkin Enterprises, Inc., and is not owner-occupied.

32. On or about February 14, 2023, Richard borrowed the sum of one hundred sixty thousand dollars ($160,000.00) from the Plaintiff, and to evidence said loan, executed and delivered a Commercial Promissory Note payable to the order of the Plaintiff ("2023 Mortgage Note") and a Business Loan Agreement ("2023 Loan Agreement") to further evidence and govern his loan obligations to the Plaintiff.

33. A true and correct copy of the 2023 Mortgage Note is annexed hereto as **Exhibit 6** and is incorporated herein by reference.

34. A true and correct copy of the 2023 Loan Agreement is annexed hereto as **Exhibit 7** and is incorporated herein by reference.

35. On or about February 14, 2023, Nancy, acting by and through Richard as her attorney-in-fact, executed and delivered a Hypothecation Agreement to the Plaintiff, pursuant to which she agreed to hypothecate and pledge her interest in WB Property to the Plaintiff to secure the Richard's obligations to the Plaintiff under the 2023 Mortgage Note and 2023 Loan Agreement.

36. A true and correct copy of the Hypothecation Agreement is annexed hereto as **Exhibit 8** and is incorporated herein by reference.

37. To secure the 2023 Mortgage Note, Defendants executed and delivered a first priority Commercial Real Estate Mortgage against the WB Property to the Plaintiff dated February 14, 2023, which is recorded in said registry of deeds in Book 16755, Page 247 ("2023 Mortgage").

38. A true and correct copy of the 2023 Mortgage is annexed hereto as **Exhibit 9.**

39. Richard is in default under the 2023 Mortgage Note because he failed to make installment payments of principal and interest to the Plaintiff when due.

40. Richard's default under the 2023 Mortgage Note is a default pursuant to the Hypothecation Agreement.

41. On or about June 3, 2025, the Plaintiff provided a notice of default and demand for payment to the Defendants under the 2023 Mortgage Note because Richard had failed to pay installment payments in the total sum of $3,935.70 ("WB Notice of Default").

42. A true and correct copy of the WB Notice of Default is annexed hereto as **Exhibit 10** and is incorporated herein by reference.

43. Defendants failed to cure their default as specified in the WB Notice of Default.

44. On or about July 7, 2025, the Plaintiff provided notice that it had elected to accelerate the Mortgage Note ("WB Notice of Acceleration.")

45. A true and correct copy of the WB Notice of Acceleration is annexed hereto as **Exhibit 11** and is incorporated herein by reference.

46. Although the Plaintiff provided the WB Notice of Default and the WB Notice of Acceleration, such notices are not conditions precedent to the Plaintiff's acceleration of the 2023 Mortgage Note and the exercise of the remedies available to

it under the loan documents previously annexed to the Complaint as Exhibits 6-9 ("2023 Loan Documents").

47. As of September 5, 2025, the following amounts were due pursuant to the 2023 Mortgage Note and secured by the lien of the 2023 Mortgage without setoff or deduction, and with all just credit having been given:

| | |
|---|---|
| Principal: | $134,019.58 |
| Interest: | $5,130.34 |
| Late Charges: | $983.95 |
| Prepayment Penalty: | $4,020.58 |
| **Total:** | **$144,154.46** |

48. Per diem interest of $42.06725 continues to accrue pursuant to the 2023 Mortgage Note each day after September 5, 2025, at the default rate of 11.3% per annum on a 360/365-day accrual. When adjusted to a 365/365-day accrual, the effective interest rate for the purposes of pre and post-judgment interest is 11.46% per annum.

49. The Plaintiff certifies that it is the owner and holder of the 2023 Mortgage Note and the 2023 Mortgage and that it is the original and only owner of the Mortgage, and that it has never assigned the 2023 Mortgage to a third party.

50. The Plaintiff certifies that this foreclosure action is not subject to the provisions of 14 M.R.S. § 6111 because the River Road Properties and the WB Property are not owned-occupied residential properties. In addition, the two loans referred to in this Complaint were obtained for commercial purposes.

51. Plaintiff is not seeking to foreclose any public utility easements by these proceedings as to either the WB Property or the River Road Properties.

## Count I
## Foreclosure by Civil Action – River Road Properties

52.     Plaintiff restates and realleges the previous allegations in the Complaint as if fully set forth herein.

53.     The 2022 Mortgage Note is an instrument evidencing Richard's unconditional obligation of to pay Plaintiff the sums due as specified in paragraph 26 of this Complaint above, plus costs, pre and post judgment interest, and attorneys' fees.

54.     By virtue of his default under the 2022 Mortgage Note, Richard has breached the condition of the 2022 Mortgage, which entitles the Plaintiff to foreclose the 2022 Mortgage and seek to have this Court order the sale of the River Road Properties with the proceeds of sale applied to satisfy Richard's obligations to the Plaintiff.

55.     Pursuant to Richard's agreements reflected in the 2022 Loan Documents, and pursuant to 14 M.R.S. §§ 6321-6327, Plaintiff is entitled to recover its reasonable attorneys' fees related to the foreclosure of the 2022 Mortgage from Richard and the proceeds of the sale of the River Road Properties.

56.     To the extent that the proceeds of the sale of the River Road Properties, after payment of costs of sale, are insufficient to satisfy the sum determined to be due to the Plaintiff, Plaintiff is entitled to a deficiency judgment against Richard.

WHEREFORE, Plaintiff prays that this Honorable Court:

(a)     enter a judgment of foreclosure of the 2022 Mortgage in favor of the Plaintiff and against Richard J. Larkin pursuant to 14 M.R.S. §§ 6321-6327 for the

amount determined to be due to the Plaintiff pursuant to the 2022 Mortgage Note, plus costs, pre and post judgment interest and Plaintiff's attorneys' fees and any protective advances made by the Plaintiff during the pendency of this action; and

(b) that the Court determine that the 2022 Mortgage is in first priority as to the River Road Properties; and

(c) that the River Road Properties be sold pursuant to 14 M.R.S. §§ 6321-6327 that the proceeds of said sale, after payment of costs and expenses, are applied to the amount determined to be due to the to the Plaintiff under the 2022 Loan Documents; and

(d) issue a writ of possession granting possession of the River Road Properties to the Plaintiff upon the expiration of the statutory redemption period; and

(e) issue a writ of execution against Defendant Richard J. Larkin for any deficiency which may remain due after the sale of the River Road Properties and the application of the proceeds of sale to the amount determined to be due, after costs of sale are paid; and

(f) grant the Plaintiff such other and further relief as may be just and proper.

### Count II
### Foreclosure by Civil Action – WB Property

57. Plaintiff restates and realleges the previous allegations in this Complaint as if fully set forth herein.

58. By virtue of their default under the 2023 Mortgage Note and the Hypothecation Agreement, Defendants have breached the condition of the 2023 Mortgage, which entitles the Plaintiff to foreclose the 2023 Mortgage and seek to have this Court order the WB Property to be sold with the proceeds applied toward Defendants' obligations to Plaintiff.

59. The 2023 Mortgage Note is an instrument evidencing Richard's unconditional obligation of to pay Plaintiff the sums due as specified in paragraph 47 of this Complaint above, plus costs, interest, pre and post judgment interest, and attorneys' fees.

60. Pursuant to the Defendants' agreements reflected in the 2023 Loan Documents and pursuant to 14 M.R.S. §§ 6321-6327, Plaintiff is entitled to recover its reasonable attorneys' fees related to the foreclosure of the 2023 Mortgage from the Defendants and the proceeds of the sale of the WB Property.

61. To the extent that the proceeds of the sale of the WB Property, after payment of costs of sale, are insufficient to satisfy the sum determined to be due to the Plaintiff under the 2023 Mortgage Note, Plaintiff is entitled to a deficiency judgment against Richard.

WHEREFORE, Plaintiff prays that this Honorable Court:

(a) enter a judgment of foreclosure of the 2023 Mortgage against Defendants pursuant to 14 M.R.S. §§ 6321-6327 for the amount determined to be due to the Plaintiff pursuant to the 2023 Loan Documents, plus costs, pre and post

judgment interest and Plaintiff's attorneys' fees and any protective advances made by the Plaintiff during the pendency of this action; and

(b)    that the Court determine that the 2023 Mortgage is in first priority as to the WB Property; and

(c)    that the WB Property be sold pursuant to 14 M.R.S. §§ 6321-6327 and that the proceeds of said sale, after payment of costs and expenses, are applied to the amount determined to be due to the Plaintiff under the 2023 Loan Documents; and

(d)    issue a writ of possession granting possession of the WB Property to the Plaintiff upon the expiration of the statutory redemption period; and

(e)    issue a writ of execution against Defendant Richard J. Larkin for any deficiency which may remain due after the sale of the WB Property and the application of the proceeds of sale to the amount determined to be due, after costs of sale are paid; and

(f)    grant the Plaintiff such other and further relief as may be just and proper.

Dated: September 8, 2025

                                              Respectfully submitted,

                                              **Machias Savings Bank**

By:    */s/ Aaron P. Burns*
            Aaron P. Burns, Esq.
            aburns@pearcedow.com
            Its Attorney

            PEARCE, DOW & BURNS, LLP
            P.O. Box 108
            Portland, ME 04112
            (207) 822-9900