UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**MACHIAS SAVINGS BANK.**

      **Plaintiff,**

v.

**RICHARD J. LARKIN and NANCY B. LARKIN,**

      **Defendants.**

Case No. 25-CV-00455-JAW

## ANSWER TO COMPLAINT FOR FORECLOSURE OF MORTGAGES

NOW COME Richard J. Larkin ("**Richard**") and Nancy B. Larkin ("**Nancy**" and, together with Richard, the "**Defendants**"), by and through undersigned counsel, and hereby answer the Complaint (the "**Complaint**") filed by Machias Savings Bank ("**Plaintiff**"), and assert the following defenses and reserve the following rights, and, in support thereof, state as follows:

### Parties

1. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint and, therefore, such allegations are denied.

2. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint and, therefore, such allegations are denied.

3. Admitted.

4. Admitted

### Jurisdiction and Venue

5. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint and, therefore, such allegations are denied.

6. The allegations set forth in paragraph 6 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

7. The allegations set forth in paragraph 7 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

8. The allegations set forth in paragraph 8 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

### Factual Allegations

### River Road Properties

9. The allegations set forth in paragraph 9 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

10. Admitted.

11. The allegations set forth in paragraph 11 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

12. The allegations set forth in paragraph 12 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

13. The allegations set forth in paragraph 13 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

14. The allegations set forth in paragraph 14 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

15. The allegations set forth in paragraph 15 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

16. The allegations set forth in paragraph 16 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

17. The allegations set forth in paragraph 17 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

18. The allegations set forth in paragraph 18 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

19. The allegations set forth in paragraph 19 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

20. The allegations set forth in paragraph 20 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

21. The allegations set forth in paragraph 21 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.  By way of further answer, the allegations set forth in paragraph 21 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

22. The allegations set forth in paragraph 22 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

23. The allegations set forth in paragraph 23 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

24. The allegations set forth in paragraph 24 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.  By way of further

answer, the allegations set forth in paragraph 24 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

25. The allegations set forth in paragraph 25 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 25 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

26. The allegations set forth in paragraph 26 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

27. The allegations set forth in paragraph 27 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

28. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint and, therefore, such allegations are denied.

## 317 West Broadway, Lincoln, Maine

29. The allegations set forth in paragraph 29 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

30. The allegations set forth in paragraph 30 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

31. Admitted.

32. The allegations set forth in paragraph 32 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

33. The allegations set forth in paragraph 33 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

34. The allegations set forth in paragraph 34 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

35. The allegations set forth in paragraph 35 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

36. The allegations set forth in paragraph 36 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

37. The allegations set forth in paragraph 37 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

38. The allegations set forth in paragraph 38 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

39. The allegations set forth in paragraph 39 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

40. The allegations set forth in paragraph 40 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

41. The allegations set forth in paragraph 41 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

42. The allegations set forth in paragraph 42 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

43. The allegations set forth in paragraph 43 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.  By way of further answer, the allegations set forth in paragraph 43 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

44. The allegations set forth in paragraph 44 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

45. The allegations set forth in paragraph 45 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

46. The allegations set forth in paragraph 46 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 46 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

47. The allegations set forth in paragraph 47 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 47 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

48. The allegations set forth in paragraph 48 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

49. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Complaint and, therefore, such allegations are denied.

50. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 50 of the Complaint and, therefore, such allegations are denied. Defendants admit the allegations set forth in the second sentence of paragraph 50 of the Complaint.

51. Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint and, therefore, such allegations are denied.

## COUNT I
### Foreclosure by Civil Action - River Road Properties

52. Defendants restate and reallege the previous answers to the Complaint as if fully set forth herein.

53. The allegations set forth in paragraph 53 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

54. The allegations set forth in paragraph 54 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 54 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

55. The allegations set forth in paragraph 55 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 55 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

56. The allegations set forth in paragraph 56 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter an order: (a) dismissing Count I of the Complaint with prejudice; (b) awarding Defendants their costs and attorneys' fees; and (c) granting such other and further relief as is just and proper.

## COUNT II
### Foreclosure by Civil Action – WB Property

57. Defendants restate and reallege the previous answers to the Complaint as if fully set forth herein.

58. The allegations set forth in paragraph 58 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 58 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

59. The allegations set forth in paragraph 59 of the Complaint make reference to a document which speaks for itself and, therefore, such allegations are denied.

60. The allegations set forth in paragraph 60 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied. By way of further answer, the allegations set forth in paragraph 60 of the Complaint make reference to documents which speak for themselves and, therefore, such allegations are denied.

61. The allegations set forth in paragraph 61 of the Complaint are conclusions of law to which no response is required and, therefore, such allegations are denied.

WHEREFORE, Defendants respectfully requests that this Court enter an order: (a) dismissing Count II of the Complaint with prejudice; (b) awarding Defendants their costs and attorneys' fees; and (c) granting such other and further relief as is just and proper.

### DEFENSES AND RESERVATION OF RIGHTS

1. The Complaint fails to state a claim upon which relief can be granted.

Dated at Portland, Maine, this 3rd day of October, 2025.

_____
D. Sam Anderson, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
Tel: (207) 774-1200
Fax: (207) 774-1127

Attorney for Defendants, Richard J. Larkin and Nancy B. Larkin

**CERTIFICATE OF SERVICE**

  I certify that I caused a copy of this document to be serviced upon Aaron P. Burns, Esq. as Counsel for Machias Savings Bank on October 3, 2025 via e-mail.

                /s/
                _____
                D. Sam Anderson, Esq.
                BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
                100 Middle Street
                P.O. Box 9729
                Portland, ME 04104-5029
                Tel: (207) 774-1200
                Fax: (207) 774-1127

                Attorney for Defendants, Richard J. Larkin and Nancy B. Larkin